LOTZ et al. v. LEVY.

(Supreme Court, Appellate Division, Second Department.   June 7, 1907.)

1. BROKERS—EMPLOYMENT—CONSTRUCTION OF CORRESPONDENCE.

Real estate brokers wrote the owner of a lot that they had a customer therefor at a price named and asked for an answer, and in reply to the owner's answer asked his lowest price and stated that they had a client for the lot.   The owner answered, naming his price, to which the brokers replied that their client deemed the price too high, but subsequently wrote that they were working to get him up to the owner's price, on condition that the second mortgage be paid off, and asking the owner to come to the city.   The owner did not answer the letter or come to the city, but the brokers again wrote that their client would pay the owner's price over existing mortgages, to which the owner answered, accepting, provided that they did business at once, whereupon the brokers telegraphed or wrote the owner to come to their office on a day stated, but this the owner did not do.   *Held* not to constitute a contract of employment.

2. SAME—COMPENSATION—PRODUCTION OF PURCHASER.

Where real estate brokers asked the owner of a lot, who lived in another city, to come to their office on a day stated to meet a buyer therefor, there was not such a production of a purchaser as entitled them to compensation; it being their duty to produce the purchaser to him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 65–70.]

Appeal from Trial Term, Kings County.

Action by Charles Lotz and another against Simon Levy.   From a judgment for plaintiffs, defendant appeals.   Reversed.

The action was to recover a broker's commission of $385 for services rendered by the plaintiffs to the defendant in getting a purchaser for a lot of real estate in New York City owned by him.   The defendant resided at Seabright, N. J., and the plaintiffs had their place of business in New York City. The case rests in a series of letters between the plaintiffs and the defendant, theirs from the said city and his from Seabright.   There was no oral employment.   On January 3, 1906, the plaintiffs wrote to the defendant they had a customer for his lot at $37,500, and asking for an answer.   The defendant sent some answer which does not appear; and on February 5th the plaintiffs wrote acknowledging receipt of it, and asking him for his lowest price, and saying they have a "client" for his lot.   On February 5th the defendant answered that his price was $38,500, which could stand until March 1st, and that if their client wanted it at that price they must inform the defendant previous to that date.   The plaintiffs answered on February 16th that their client deemed the price too high, but that they would see their client on Monday and learn definitely; and asked if the second mortgage could be paid off.   The defendant answered on February 19th that he did not know whether the second mortgage could be paid off.   On February 26th the plaintiffs wrote that they were working to get their client up to $38,500, on condition that the second mortgage can be paid off, and asking the defendant to come to New York City and meet him at their office on Wednesday next, so the principals could make mutual concessions.   Defendant did not come to New York or answer the letter.   On March 27th the plaintiffs wrote that their client would pay $38,500 "over existing mortgages."   The defendant answered accepting, providing they did business at once, as the offer would not be open after April 1st.   The plaintiffs telegraphed or wrote the defendant to come to their office on a day stated, but he did not come.   The plaintiffs then sent a lawyer to the defendant at Seabright who asked why he had not come to New York as requested and meet the buyer.   The defendant answered that his wife was in the lunatic asylum and she could not join in the deed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Isidor Cohn, for appellant.
Harold H. Cohen, for respondents.

GAYNOR, J.  The letters between the parties do not show that the defendant employed the plaintiffs, or that they produced a purchaser.  They could not require the defendant to come to New York to meet proposed purchasers; it was for them to produce a purchaser to him.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.  All concur.